918 F.2d 185
 16 U.S.P.Q.2d 1812
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Josephus J.M. BRAAT.
 No. 90-1197.
 United States Court of Appeals, Federal Circuit.
 Oct. 3, 1990.
 
 Before ARCHER, Circuit Judge, SKELTON, Senior Circuit Judge, and LOURIE, Circuit Judge.
 LOURIE, Circuit Judge.
 
 
 1
 This case is an appeal from the October 12, 1989, decision of the Board of Patent Appeals and Interferences ("Board") in Appeal No. 88-3405, affirming the examiner's rejection of claims 1, 2, 4-6, 8 and 10 as being obvious under 35 U.S.C. Sec. 103 in light of the prior art. Because the cited reference does not anticipate and teaches away from the claimed inventions, we reverse the decision of the Board.
 
 BACKGROUND
 
 2
 The claimed invention relates to a projection lens system with different types of lens groups within the overall lens system. Claim 1 is the broadest claim and provides:
 
 
 3
 1. A projection lens system for projecting a magnified image of a scene reproduced by means of a reproduction element onto a projection screen, which lens system comprises, in this order and from the image side, a first group, of which at least one outer surface is aspheric, a positive second or main group, of which at least the outer surface which faces the object side is aspheric, and a third group comprising a negative lens whose surface which faces the image side is concave and aspheric, the elements of the first group and the third group being made of transparent plastic, characterized in that the main group provides substantially the entire power of the system and comprises a glass lens substrate, the outer surface of said substrate which faces the object side being provided with a layer of a transparent plastic having an aspheric outer profile, said layer having a thickness which is substantially smaller than that of the glass lens substrate, said layer having negligible refractive power. (Emphasis added).
 
 
 4
 Claims 2 and 4-10 are either directly or indirectly dependent on claim 1. Claim 3 was withdrawn, and claims 7 and 9 have been indicated by the examiner to be directed to allowable subject matter.
 
 
 5
 The examiner cited two references, Uehara U.S. Patent 4,564,269 and Hugues U.S. Patent 4,027,952. He found that Uehara taught that a plastic lens may be united with a glass lens in a projection lens system and that Hugues showed this union independently of a larger lens system. The examiner concluded that uniting a plastic lens with a glass lens to constitute the main lens group in the claimed invention would have been obvious to one of ordinary skill in the art. He rejected claims 1, 2, 4-6, 8 and 10 on that basis.
 
 
 6
 The Board found that the claimed invention differs from Uehara only by its limitation that the outer surface of the glass lens substrate is provided with a layer of a plastic lens having an aspheric outer profile, wherein said layer has negligible refractive power. The Board quoted a section of Uehara's specification and found this section to be a nonpreferred embodiment of Uehara but concluded, in light of In re Boe, 355 F.2d 961, 148 USPQ 507 (CCPA 1966), that Uehara nevertheless suggested the claimed invention to one of ordinary skill in the art. The Board used Hugues only to show that uniting glass and plastic lenses was known in the art.
 
 DISCUSSION
 
 7
 Since this appeal involves limitations in claim 1, and all the other rejected claims incorporate these limitations, we will address only the patentability of claim 1. The Commissioner argues that, notwithstanding the fact that the Board affirmed the rejection based on Section 103, not 102, claim 1 is broad enough to read on the prior art and is therefore unpatentable. While "[i]t is axiomatic that, in proceedings before the PTO, claims in an application are to be given their broadest reasonable interpretation," In re Sneed, 710 F.2d 1544, 1548, 218 USPQ 385, 388 (Fed.Cir.1983), we do not believe that claim 1 is broad enough to read on the prior art.
 
 
 8
 Claim 1 contains the limitations that the main group comprises a glass lens substrate, the outer surface of said substrate being provided with a layer of transparent plastic, and said layer having negligible refractive power. We conclude that the limitations that there be a substrate and that it be provided with a layer require that the glass lens and the plastic lens be physically combined with one another with no air gap in between. This requirement that one lens be a layer physically attached to another lens is not present in the prior art and, therefore, claim 1 does not read on the prior art.
 
 
 9
 The Board determined the claimed invention to be obvious in light of Uehara, but we find that Uehara in fact teaches away from the claimed invention. Uehara contains the following language:
 
 
 10
 if the second lens L2 and the third lens L3 were united together into a lens provided with a nonspherical surface, only the spherical aberration would be corrected by it. It would be unable to cope with a wide angle of view. Therefore, there would be obtained a projection lens having a lower MTF value and poor performance of image formation as a whole. Col. 5, line 59--col. 6, line 9 (emphasis added).
 
 
 11
 Uehara clearly points to specific problems that would occur if the two lenses were united. One important indicium of nonobviousness is "teaching away" from the claimed invention by the prior art. In re Dow Chemical Co., 837 F.2d 469, 473, 5 USPQ2d 1529, 1532 (Fed.Cir.1988). We thus conclude that Uehara does not render obvious the claimed invention uniting the two types of lenses.
 
 
 12
 The Board cited In re Boe, as noted above, to support its obviousness rejection. In that case, however, the suggestion of practicing the claimed invention in a particular way was more of an embodiment than a teaching away. 355 F.2d at 963, 148 USPQ at 509 ("the pore-forming materials can be added with the latice-forming [sic] materials") (emphasis added). Here, Uehara strongly suggests not to unite the glass and plastic lenses.
 
 
 13
 Also, in Boe, if the claimed invention were utilized in the nonpreferred way suggested in the prior art reference, problems would occur. In the applicant's claimed invention, however, the problems of an inability to cope with a wide angle of view, a lower MTF value, and poor performance of image formation as a whole are avoided by his invention's plastic lens having negligible refractive power, as stated in the applicant's specification and as mentioned in oral argument.
 
 
 14
 Claim 1 is not obvious in view of Uehara. Since claims 2 and 4-6, 8 and 10 contain limitations in addition to the limitations in claim 1, they too are not obvious in view of Uehara.
 
 
 15
 REVERSED.
 
 
 16
 ARCHER, Circuit Judge, dissenting.
 
 
 17
 I respectfully dissent and would affirm the decision of the Board on the basis of its opinion.